Cite as 2021 Ark. App. 69

# ARKANSAS COURT OF APPEALS

Nos. CR-21-4, CR-21-5, CR-21-6

| | | |
|---|---|---|
| | | **Opinion Delivered** February 10, 2021 |
| JIMMY SUTTERFIELD | APPELLANT | APPEAL FROM THE BAXTER COUNTY CIRCUIT COURT [NOS. 03CR-18-461, 03CR-19-47, 03CR-19-314] |
| V. | | MOTION FOR BELATED APPEAL OR IN THE ALTERNATIVE MOTION FOR RULE ON CLERK; MOTION TO LODGE RECORD OR IN THE ALTERNATIVE MOTION FOR RULE ON CLERK; MOTION TO PROCEED IN FORMA PAUPERIS; MOTION TO CONSOLIDATE; PETITION FOR WRIT OF CERTIORARI |
| STATE OF ARKANSAS | APPELLEE | |
| | | REMANDED FOR FINDINGS |

## PER CURIAM

The Baxter County Circuit Court held a bench trial on 24 January 2020, which resulted in three separate sentencing orders being entered against Jimmy Sutterfield. In case number 03CR-19-314, he was convicted of misdemeanor theft of property and sentenced to six months' imprisonment; in case number 03CR-19-47, he was convicted of criminal mischief and sentenced to six years' imprisonment; and in case number 03CR-18-461, Sutterfield was convicted of possession of a controlled substance (meth), possession of Schedule II (not meth), possession of drug paraphernalia, possession of drug paraphernalia

(meth), and DWI—and he was sentenced to an aggregate term of six years' imprisonment. All three sentencing orders were entered on 2 February 2020.

Sutterfield's counsel has attempted to appeal the convictions by way of a motion for belated appeal—or in the alternative motion for rule on clerk; a motion to lodge record—or in the alternative motion for rule on clerk; and motion to proceed in forma pauperis. These motions have been filed for each circuit court case we identified at the beginning of this opinion. And the three circuit court cases have been filed as three separate appeals (using three separate court of appeals case numbers). Sutterfield's counsel asks this court to consolidate the trio into one. Finally, lawyer Tara Ann Schmutzler petitions for a writ of certiorari to complete the record with a DVD that was entered into evidence at trial. We hold that there are several issues to be resolved before we can proceed on the motions and the appeals; therefore, we remand to the circuit court for the appropriate findings that will enable this court to move forward.

In circuit court, Sutterfield was declared indigent and provided defense counsel at the State's expense. After he was convicted, Sutterfield's public defender, Samuel Pasthing, moved to withdraw as counsel in all three cases. The request to withdraw was filed on 26 February 2020. In two of the three cases (03CR-19-314 and 03CR-19-47), attorney Tara Ann Schmutzler entered her appearance. She also filed, on 2 March 2020, a timely notice of appeal and a petition to proceed in forma pauperis on behalf of Sutterfield. In case number 03CR-18-461, Schmutzler entered her appearance for Sutterfield; and she filed a petition to proceed in forma pauperis and a motion for belated appeal. These acts were taken on 16 April 2020.

The record now on file with this court's clerk reveals that the circuit court did not enter an order, in any of the three cases, that relieved attorney Pasthing as counsel of record. Likewise, no order from the circuit court appointed Schmutzler as Sutterfield's attorney for purposes of prosecuting any appeal. Nor did the circuit court rule on the petitions to proceed in forma pauperis.

Given the circumstances, we remand this matter to the circuit court so that it can clarify who the current attorney(s) of record is for Sutterfield and whether private counsel has been retained. We also direct the circuit court to determine Sutterfield's indigency status for purposes of an appeal because the affidavit of indigency that attorney Schmutzler filed with this court is more than two years old. These questions—who is the intended attorney(s) of record for Sutterfield; has private counsel been retained; and is Sutterfield indigent for purposes of an appeal?—are best addressed by the circuit court. *See Brewer v. State*, 64 Ark. App. 372, 984 S.W.2d 65 (1998) (per curiam) (remanding for the circuit court to determine whether appellant continues to be indigent and whether private counsel has been retained).

The circuit court must return its findings, along with a transcript of any hearing on the matter, within forty-five days from this opinion's date. Further action on the pending motions is delayed until this court receives the circuit court's additional findings.